## McGregor *et al.* v. Reynolds *et al.*

1. Dedication: PARTITION: ESTOPPEL. When commissioners appointed to make partition of real estate, treated a portion of the property as a part of a public street, and made partition of the remainder: *Held*, that the acceptance of the partition by the parties estopped them from denying that the portion not divided was a part of the street.

*Appeal from Clayton District Court.*

FRIDAY, OCTOBER 6.

ACTION for the recovery of real property. The plaintiff sues to recover a part, sixteen feet front by one hundred feet deep, of lots nine and ten, in block four of the town of McGregor, claimed as being in the west half of said lots. The cause was tried by the court without the intervention of a jury, and a judgment was rendered

in favor of the plaintiffs for the property claimed. The defendants appeal.

*James M. McKinlay* and *Murdock & Stoneman* for the appellants.

*Odell & Updegroff* for the appellees.

COLE, J.—It appears that in the original survey and plat of the town of McGregor, there was a mistake made

1. DEDICA-
TION:
partition:
estoppel.

in the measurement, from east to west, whereby there is a surplus of from twelve to eighteen feet. Many, if not all, of the original monuments of the survey of the town are now destroyed or lost; and, from the testimony in this case, it is, to say the least, doubtful as to the part of the town where the mistake was made and surplus properly belongs. The plaintiffs claim that the surplus lies west of the alley in block four, the property in controversy being east of that alley, and it may, perhaps, be conceded that the testimony tends to prove this claim.

On the 20th day of March, 1860, there was a decree of partition, of a large amount of land and many lots in McGregor, rendered by the District Court of Dubuque county, in a case wherein these plaintiffs were the petitioners, and this defendant, James McGregor, who is the landlord of his co-defendant, Reynolds, was defendant with others. These partition proceedings and decree were introduced by plaintiffs as the basis of their title. The commissioners, who made the partition, divided lots nine and ten in the center, and the west half fell to plaintiffs, and the east half to defendant, James McGregor. The commissioners accompanied their report of partition with a map, showing the property partitioned, and the comparative size of the lots, and width of streets and alleys in the town of McGregor. By this map it appears that the surplus in the

survey of the town was thrown into First street, which lies on the east side of lots nine and ten, and leaves the land in controversy on that part allotted to defendant, James McGregor, it being the east half of lots nine and ten.

Two of the commissioners of partition were introduced as witnesses in this case, and testified, that according to their partition, the surplus was regarded and treated as in First street. Other witnesses testify that several years before the partition, Alexander McGregor, who laid off the town, and is plaintiff's testator, spoke of the mistake in the survey, and that he had determined to treat the surplus as in First street; and James McGregor testifies that such was his intention and understanding, and one or more buildings were then built relying upon such statement.

In view of the recognition by both parties of the surplus as being in First street, and the agreement to, and acceptance of the partition upon such case, it may well be regarded as a dedication of that surplus to the public. At all events the plaintiffs cannot claim title under and by virtue of the partition, and at the same time repudiate its binding obligation upon them.

